United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1643 |
| | § | |
| WARDEN, Pam Lychner State Jail, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Former state inmate Collins O. Nyabwa has filed suit under 42 U.S.C. § 1983, alleging that his civil rights were violated in connection with a state court conviction. Because Nyabwa proceeds *in forma pauperis*, the Court is required to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

### I.   BACKGROUND

On July 29, 2011, Nyabwa was convicted of three counts of "improper photography" in violation of § 21.15(b)(1) of the Texas Penal Code, which prohibited "photographing or videotaping another person in a location that is not a bathroom or

a dressing room without that person's consent and with the intent to arouse or gratify the sexual desire of any person." He received a one-year prison sentence in that case, which he served at the Pam Lychner State Jail in Atascocita, Texas. He did not appeal. He was released from prison after his sentence discharged in July 2012.

Nyabwa contends that the Texas statute underlying his conviction was declared unconstitutional in 2014. Nyabwa reasons therefore that he was "actually innocent" and wrongfully imprisoned. Nyabwa seeks $5,000,000.00 in monetary damages for his wrongful imprisonment by the Warden of the Pam Lychner State Jail.

## II. DISCUSSION

It is well established that a plaintiff may not recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.*

The rule in *Heck* bars Nyabwa's complaint because his allegations would, if true, necessarily imply the invalidity of his conviction, which has not been overturned.[1]  For this reason, Nyabwa's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

Alternatively, the complaint is without merit. Nyabwa essentially contends that the Warden of the Pam Lychner State Jail is liable for false imprisonment. "The essential elements of false imprisonment [under Texas law] are: (1) willful detention; (2) without consent; and (3) without authority of law." *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995) (quoting *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)).  The Fourteenth Amendment Due Process Clause is also violated where a prisoner remains incarcerated after the legal authority to hold him has expired. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980). Nyabwa cannot prevail under state law or the Fourteenth Amendment because he cannot show that his confinement was unauthorized by a valid court order while

---

[1]   Nyabwa's federal habeas corpus petition to challenge the underlying conviction remains pending in this district. *See Nyabwa v. Stephens*, Civil No. H-12-1152 (S.D. Tex.).

he was incarcerated during 2011-2012. Under these circumstances, Nyabwa's allegations do not state a claim for which relief may be granted.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that the plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  June 30, 2016.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE